CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 09 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| KEITH RUSSELL JUDD,<br>    Plaintiff, | ) <br> ) <br> ) | Civil Action No. 7:11-cv-00258 |
| v. | ) <br> ) <br> ) | **MEMORANDUM OPINION** |
| STATE BOARD OF ELECTIONS OF<br>    VIRGINIA, et al.,<br>    Defendants. | ) <br> ) <br> ) | By: Hon. James C. Turk<br>Senior United States District Judge |

Keith Russell Judd, a Texas inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff did not submit payment for the $350 filing fee with his complaint but filed financial documents in support of a request to proceed in forma pauperis. See 28 U.S.C. §§ 1914(a), 1915.

·Plaintiff had at least three non-habeas civil complaints or appeals previously dismissed as frivolous or for failing to state a claim upon which relief may be granted. See, e.g., Judd v. FEC, 311 Fed. App'x 730, 731-32 (5th Cir. 2009) ("Judd has a history of vexatious and frivolous litigation in this court and many other courts. We have issued repeated warnings to Judd, and we have sanctioned him for prior frivolous actions. These earlier warnings and sanctions have been insufficient to deter him from continuing to file frivolous pleadings."). In accordance with the three-strikes provision of 28 U.S.C. § 1915(g), other courts previously advised plaintiff that he needed to submit the $350.00 filing fee or establish an imminent threat of serious physical harm to proceed with a civil suit. After reviewing plaintiff's submissions in this civil action, it is clear that plaintiff does not allege any facts indicating that he is currently under any imminent threat of any serious physical injury within the meaning of 28 U.S.C. § 1915(g).

Based on the foregoing and the complaint, the court finds that plaintiff has failed to

demonstrate any imminent danger of serious physical harm in the complaint and plaintiff has not paid the $350.00 filing fee despite being previously advised of having three strikes. Accordingly, the court denies plaintiff's motion to proceed in forma pauperis and dismisses the complaint without prejudice for failure to pay the filing fee at the time of filing the complaint. See, e.g., Dupree v. Palmer, 284 F.3d 1234, 1237 (11th Cir. 2002) (reasoning that the filing fee is due upon filing a civil action when in forma pauperis provisions do not apply to plaintiff and that the court is not required to permit plaintiff an opportunity to pay the filing fee after denying leave to proceed in forma pauperis). The court also finds that an appeal of the accompanying order would not be made in good faith.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 9th day of June, 2011.

/s/ James C. Turk
Senior United States District Judge